## 58279. SCOTT v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of burglary of a Dairy Queen restaurant and subsequently of the Flash Food Store. Appellant was not arrested on charges of either crime until several months after the date of the Flash Food Store burglary. There was testimony that prior to the date of the Dairy Queen burglary appellant met with one Johnny Smith and discussed the best way to gain access to the Dairy Queen restaurant and where the money was kept. During the course of the trial, the state introduced the testimony of a cousin of Johnny Smith who testified, over objection of appellant, that on the morning after the break-in Smith "said that they had hit the Dairy Queen." Appellant enumerates as error the admission of this testimony and contends that because the crime had already taken place the declaration of a co-conspirator was inadmissible except against the co-conspirator.

Code Ann. § 38-306 provides that "[a]fter the fact of conspiracy shall be proved, the declarations by any one of the conspirators *during the pendency of the criminal project* shall be admissible against all." (Emphasis

supplied.) The "pendency of the criminal project" is not limited to the time preceding the crime itself but includes the duration of the "conspiracy to conceal the fact that a crime has been committed or the identity of the perpetrators of the offense . . ." *Chatterton v. State,* 221 Ga. 424, 425 (5) (144 SE2d 726)(1965). The declaration of the co-conspirator to which objection was interposed in this case "was made after the actual commission of the crime, but while the conspiracy continued and was admissible. *Crowder v. State,* 237 Ga. 141, 151 (227 SE2d 230) (1976); *Welch v. State,* 237 Ga. 665, 675 (229 SE2d 390) (1976)." *Moore v. State,* 240 Ga. 807, 818 (243 SE2d 1) (1978). No error is shown.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED SEPTEMBER 25, 1979.

*Hugh Lawson,* for appellant.
*Phillip R. West, District Attorney,* for appellee.